JIM MASSIE *v.* THE STATE.

1. PERJURY—INDICTMENT. — Though it is common in practice to recite in an indictment for perjury the substance of the oath, still it is sufficient if the indictment charges that the defendant was " duly sworn," without describing the attendant ceremonies. If, however, the pleader sets out the oath more minutely than he need, or needlessly describes the manner in which it was administered, such matter cannot generally be considered as surplusage; and if the proof and the averment do not correspond, the proceedings will fail by reason of the variance.

2. SAME. — The indictment should charge affirmatively that the testimony given by the defendant and alleged to be false was material to the issue, or its materiality must appear upon the face of the indictment. It is sufficient to charge, generally, that the false oath was material to the trial of the issue on which it was taken.

3. SAME. — If the indictment charges, in substance, that the defendant, under the sanction of a judicial oath, responded, with wilful and deliberate falsehood, to certain questions propounded to him in a judicial proceeding before a grand jury, it is sufficient, and it is not necessary that he be charged with having " committed perjury " *in hæc verba.*

APPEAL from the District Court of Harrison. Tried below before the Hon. A. J. BOOTY.

Appellant in this case was convicted at the May term, 1878, of the Harrison County District Court, of having committed perjury by false swearing before the grand jury of that county, and his punishment was assessed at five years' confinement in the State penitentiary.

No statement of facts was sent up, but it appears from the record that the motion to quash the indictment was founded upon the objection that it failed to charge any offence against the laws of this State. The judgment of the court overruling this motion to quash, and its refusal to arrest the judgment, are assigned as error.

The charging part of the indictment is as follows : " That Jim Massie, on the eighth day of May, A. D. 1878, did then and there make his personal appearance before the grand jury in and for the County of Harrison, which was then

and there in session as the grand jury for the spring term of the District Court of Harrison County, with William M. Johnston as foreman of said grand jury; and the said Jim Massie, having then and there made his personal appearance, as aforesaid, before the said grand jury, did then and there take his corporal oath, and was duly sworn before said grand jury, said oath being then and there duly administered by William M. Johnston, foreman as aforesaid, who was then and there authorized by law to administer said oath, to true answers make to all questions propounded to him by said grand jury, or under its directions; whereupon it then and there became a material inquiry, and necessary for the due administration of the criminal law against gaming in the State of Texas, of the offences against said law committed within the body of said Harrison County, and the said Jim Massie, being so sworn as aforesaid, was asked the following question by said grand jury, viz.: 'Have you (meaning Jim Massie) not, during the present year, A. D. 1878, seen any games with cards played by any persons in a certain cellar under the saloon kept by John Woodward and Louis Hutson, situated in the city of Marshall, in said county of Harrison (said cellar under said saloon being a place commonly resorted to for purposes of gaming, against the peace and dignity of the State of Texas)?' To which said question he, the said Jim Massie, did then and there wilfully and deliberately answer, under his oath, that he had not, during the present year, A. D. 1878, seen any games with cards played by any person in said cellar under the saloon kept by John Woodward and Louis Hutson, situated in the city of Marshall, in said county of Harrison; whereas, in truth and in fact, he, the said Jim Massie, had seen, during the present year, A. D. 1878, several persons, among whom are John Woodward, Louis Hutson, Jack Anderson, and Scott Schine, play games with cards in said cellar under the saloon kept by

John Woodward and Louis Hutson, situated in the city of Marshall, in said county of Harrison, as he, the said Jim Massie, then and there well knew; that he had seen during the present year, A. D. 1878, a great many persons play games with cards in said cellar under the saloon kept by John Woodward and Louis Hutson, situated in the city of Marshall, in said county of Harrison, among whom were John Woodward, Louis Hutson, Jack Anderson, and Scott Schine; which said answer to said question so asked him, the said Jim Massie, by the grand jury, was wilfully and deliberately false, as he, the said Jim Massie, then and there well knew it to be false; against the peace and dignity of the State of Texas."

No brief for the appellant has reached the reporters.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J.   The defendant was tried and convicted of perjury, and his punishment assessed at five years' confine-ment in the penitentiary.   There is no statement of facts in the record.   The only question presented for our consideration in this case arises on the sufficiency of the indictment, and was made by motion to quash and in arrest of judgment.

The alleged perjury is charged to have been committed by the defendant in testimony given by him before the grand jury, at the spring term, 1878, of the District Court of Harrison County.

It is insisted, on the part of the defendant, that the indictment charges no offence against the laws of the State of Texas.

" Perjury is a false statement, either written or verbal, deliberately and wilfully made, relating to something past or present, under the sanction of an oath, or such affirma-

tion as is by law equivalent to an oath, when such oath or affirmation is legally administered, under circumstances in which an oath or affirmation is required by law, or is necessary for the prosecution or defence of any private right, or for the ends of public justice." Pasc. Dig., art. 1909.

"The oath or affirmation must be administered in the manner required by law, and by some person duly authorized to administer the same in the matter or cause in which such oath or affirmation is taken." Pasc. Dig., art. 1911.

"All oaths or affirmations legally taken in any stage of any judicial proceeding, civil or criminal, in or out of court, or before a grand jury, are included in the description of this offence." Gen. Laws 1875, p. 170.

We think the indictment charges that defendant was sworn before the grand jury in the manner required by law. It is provided by statute that when witnesses appear before the grand jury, they shall first be sworn by the foreman not to divulge, either by words or signs, any matter about which they may be interrogated, and to keep secret all the proceedings which may be had in their presence, and true answers to make to such questions as may be propounded by the grand jury, or under its directions. Gen. Laws 1875, p. 108.

In the form of an indictment for perjury, by Mr. Archbold, the substance of the oath is given, and this extended oath is quite common in practice in drawing up indictments for perjury. It has, however, been held to be sufficient to allege that the defendant was "duly sworn," without describing the attendant ceremonies; and this decision, says Mr. Bishop, accords with what we have seen to be the true rule in principle. 2 Bishop's Cr. Proc., 912; *Tuttle* v. *The People*, 36 N. Y. 431; *The People* v. *Weaver*, 5 Wend. 271.

If, contrary to these rules, the pleader sets out the oath more minutely than he need, or needlessly describes the

manner in which it was administered, such matter cannot generally be rejected as surplusage ; and if proof and averment do not correspond, the proceedings will fail by reason of the variance.

The indictment charges that defendant was " duly sworn," and that the oath was duly administered by William M. Johnston, the foreman of the grand jury, who was then and there authorized to administer said oath to true answers make to all questions propounded to him by said grand jury, or under its directions. Again, if it be insisted that the identical oath taken by the defendant is actually set out in the indictment, then we say, it being the one upon which the false swearing is charged, it is sufficient ; and it was not necessary for the pleader to have gone further, and shown in the indictment that defendant was first sworn " not to divulge, either by words or signs, any matter about which he may be interrogated, and to keep secret all proceedings which may be had in his presence."

An indictment for perjury should charge affirmatively that the testimony given by the defendant, and alleged to be false, was material ; or it must appear upon the face of the indictment that the matter alleged to be false was material. It is sufficient to charge, generally, that the false oath was material on the trial of the issue on which it was taken. 3 Whart. Cr. Law, sec. 2263 ; 1 Bishop's Cr. Proc., sec. 915 ; *Smith* v. *The State*, 1 Texas Ct. App. 620.

It appears upon the face of the indictment in this case that the false oath was material to the matter under investigation before the grand jury ; and, in addition to this, the indictment charges affirmatively that the evidence charged to be false was material. The indictment does not charge *in hœc verba* that the defendant " committed perjury," but it shows what he did swear, and charges that his answer (given under the sanction of an oath, duly administered) to the question asked him in a judicial proceeding before the grand jury was wilfully and deliberately false, as he, the

defendant, then and there well knew. The indictment alleges facts which, if true, make perjury. We believe that the indictment is a good one.

We find no error in the record, and the judgment of the District Court is, therefore, affirmed.

*Affirmed.*